WILLIAM MYERS AND BEVERLY PURPURA, APPEL-
LANTS, v. SHERIFF, CLARK COUNTY, NEVADA,
RESPONDENT.

No. 10528

March 15, 1978                                        576 P.2d 273

*Goodman, Oshins, Brown & Singer,* Las Vegas, and *Aiken, Nahoom & Damore,* Fort Lauderdale, Florida, for Appellants.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a district court order denying a pre-trial habeas corpus challenge to the portion of an indictment which charged appellants with conspiracy to sell a controlled substance.[1]

In asking us to reverse, appellants contend the charge is defective in that it fails to allege the requisite overt act committed in furtherance of the conspiracy. We agree. In order to constitute the charged offense, NRS 453.401(1) requires that

---

[1]The indictment also charged appellants with the "sale" of a controlled substance, cocaine. That charge is not here involved.

there be an overt act in furtherance of the conspiracy.[2] Where, as here, an overt act is necessary to constitute the offense of conspiracy NRS 175.251 provides, in pertinent part: "[T]he defendant shall not be convicted unless one or more overt acts shall be expressly alleged in the indictment. . . ." Here, the overt act so alleged was the delivery of contraband to the buyer, an undercover narcotics agent.[3] In our view, this was not an overt act in furtherance of the alleged conspiracy.

"An overt act '. . . is some act [done] to effect the object of the conspiracy.' " Woodring v. United States, 376 F.2d 619, 621 (10th Cir. 1967). *See also* Chavez v. United States, 275 F.2d 813 (9th Cir. 1960). As such, necessarily the act must accompany or follow the agreement. *See* Blumenthal v. United States, 158 F.2d 883 (9th Cir. 1946); Hall v. United States, 109 F.2d 976 (10th Cir. 1940).

The transcript of the proceedings before the grand jury discloses that, on December 3, 1977, appellants met with the narcotics agent for the purpose of selling him cocaine. After the cocaine had been delivered, discussions were then held concerning future sales and an agreement was reached as to the conduct of these transactions.

The State does not suggest or contend the alleged conspiracy existed prior to these discussions, nor is there any evidence to support such a conclusion. In light of these circumstances, we are constrained to hold that the alleged overt act of the cocaine's delivery preceded the formation of any illicit agreement and is in no way tied into the alleged conspiracy. *Cf.* United States v. McGee, 108 F.Supp. 909 (D.Wyo. 1952). Accordingly, the count of the indictment which charges a conspiracy does not satisfy the mandate of NRS 175.251 and must be dismissed.

The order of the district court is reversed. The case is remanded with instructions to dismiss the portion of the indictment which charges appellants with conspiracy.

---

[2]The statute provides, in pertinent part:

"[I]f two or more persons conspire to commit any offense which is a felony under the Uniform Controlled Substances Act . . . and *one of the conspirators does an act in furtherance of the conspiracy,* . . ." (Emphasis added.)

[3]The indictment alleged that on December 3, 1977, appellants "did then and there meet, and between themselves, and each of them with the other, wilfully and unlawfully conspire to commit the crime of Sale of Controlled Substance, by Defendant, meeting in Room No. 768 of the Hilton Hotel, 3000 Paradise Road, Las Vegas, Clark County, Nevada, and delivering to R. LILLARD, a controlled substance, to-wit: Cocaine."